## LINK–BELT CO. v. DORR CO., Inc.

District Court, D. Delaware.
May 28, 1936.

Rehearing Denied July 6, 1936.

Donald M. Carter (of Parker & Carter), of Chicago, Ill., and Charles F. Richards (of Richards, Layton & Finger), of Wilmington, Del., for plaintiff.

E. Ennalls Berl. (of Ward & Gray), of Wilmington, Del., and William H. Davis and Charles W. Riley (of Pennie, Davis, Marvin & Edmonds), both of New York City, for defendant.

NIELDS, District Judge.

This is a motion for a preliminary injunction by Link-Belt Company, herein called "Link-Belt" against the Dorr Company, Inc., herein called "Dorr." February 6, 1936, Link-Belt filed in this court its bill of complaint and petition for declaratory judgment praying, inter alia, that the court adjudge invalid three patents of Dorr and all the claims of each of said patents. March 24, 1936, Dorr brought three suits against Link-Belt, a corporation of the state of Illinois, in the Northern District, Eastern Division, of Illinois, charging infringement by Link-Belt of the three Dorr patents above mentioned.

By this motion Link-Belt seeks a preliminary injunction enjoining Dorr from prosecuting the three suits in Illinois and staying all action in those suits until the petition for declaratory judgment is disposed of.

Congress has provided that patent owners may bring suit for infringement in the District Courts of the United States "in the district of which the defendant is an inhabitant, or in any district in which the defendant * * * shall have committed acts of infringement and have a regular and established place of business." Jud. Code § 48, 28 U.S.C.A. § 109. The present motion seeks to deprive Dorr of this statutory right. It is clear that the Federal

664

Declaratory Judgments Act (Jud.Code § 274d, 28 U.S.C.A. § 400) does not deprive a patent owner of his right to sue in the district of which a defendant is an inhabitant.

The motion must be denied.

## On Petition for Rehearing.

Upon petition for rehearing of motion for preliminary injunction plaintiff asserts the court erred (1) in holding that defendant had a statutory right to bring suit against plaintiff in Illinois, and (2) in not holding that defendant waived the right to have the issues of this case tried in Illinois by entering a general appearance in this suit before suit was brought in Illinois. Both points are without. merit.

■ After service of subpœna here defendant entered a general appearance recognizing the jurisdiction of this court. Such an appearance per se can have no effect upon the right of defendant under the laws of the United States to bring an infringement suit against plaintiff in another jurisdiction.

The suit in Illinois was seasonably brought. The affidavits, including those filed since the previous hearing, prove that negotiations were carried on between the parties for a license under the Dorr patents. A proposed license agreement was submitted by defendant to plaintiff. This agreement was rejected by plaintiff and returned to defendant in April, 1935. However, negotiations between the parties were continued, and it was not until February 3, 1936, that plaintiff finally informed defendant it had decided not to take a license. Thereupon defendant notified plaintiff it would bring suit for infringement and had retained counsel for that purpose. This declaratory judgment suit was filed February 6, 1936. Infringement suits were instituted by defendant against plaintiff in Chicago, March 24, 1936.

■ Under these circumstances defendant cannot be deprived of its right to prosecute its infringement suit in Illinois. There, under the Declaratory Judgments Act (Jud. Code § 274d, 28 U.S.C.A. § 400), plaintiff here may counterclaim for a declaration that the Dorr patents are invalid and plaintiff in that suit cannot escape a determination thereof by dismissing its bill.

■ Moreover, entertaining a declaratory judgment suit is within the discretion of the court. In the infringement suit in Illinois complete relief may be afforded by injunction and accounting. No such relief can be afforded in this declaratory judgment suit.

Petition for rehearing must be denied.