## COLD METAL PROCESS CO. v. E. W. BLISS CO.

### No. 1210.

District Court, D. Delaware.

Dec. 8, 1937.

Hugh M. Morris, of Wilmington, Del., and Walter J. Blenko and William H. Webb (of Stebbins, Blenko & Parmalee), both of Pittsburgh, for plaintiff.

William G. Mahaffy and Herbert L. Cohen, both of Wilmington, Del., and Eugene V. Myers and Howard J. Churchill (of Frazer, Myers and Manley), both of New York City, for defendant.

NIELDS, District Judge.

Motion by defendant, E. W. Bliss Company (referred to as "Bliss"), for an order staying all proceedings in the instant case and enjoining the plaintiff, the Cold Metal Process Company (referred to as "Cold Metal"), from bringing any other suit against the defendant for infringement of United States Letters Patent No. 1,744,016, No. 1,744,017, No. 1,744,018, and No. 1,779,195 to Abram P. Steckel until the final determination of the suit of Bliss against Cold Metal now pending in the United States Circuit Court of Appeals for the Sixth Circuit.

January 20, 1936, a bill of complaint under the Declaratory Judgments Act, Jud. Code § 274d, as amended, 28 U.S.C.A. § 400, was filed in the District Court of the United States for the Northern District of Ohio by Bliss against Cold Metal. Numerous preliminary matters were disposed of. January 26, 1937, Cold Metal moved to dismiss the amended bill of complaint. April 12, 1937, the motion to dismiss was sustained. The court said:

"There does not seem to be a controversy of a justiciable character between the parties. The plaintiff asserts wrongful conduct upon the part of the defendant, but there is no dispute between the parties. It is charged in the bill that the defendant has advised customers that plaintiff's rolling mills infringe the defendant's patents, to the plaintiff's damage. The suit is not one arising under the patent laws, nor do I regard the bill as presenting a concrete case admitting of an immediate and definitive determination."

April 15, 1937, Bliss appealed from this decree. The sole question presented for consideration by the Circuit Court of Appeals on this appeal is whether or not the bill filed by Bliss sets forth a cause of action cognizant under the Declaratory Judgments Act or a cause of action within the jurisdiction of the court below. No question of validity or infringement is involved on the appeal.

June 10, 1937, Cold Metal filed its bill against Bliss in this court charging infringement of each of the above-mentioned Steckel patents and also of the McBain United States Patent No. 1,881,056. August 3, 1937, Bliss filed its motion for a stay.

The sole question presented by this motion is whether or not Bliss has made out a case justifying the court in enjoining this infringement suit. On such a motion the burden of proof is on Bliss and the motion should not be granted except in a clear case.

If Bliss succeeds in the Court of Appeals at some indefinite date in the future, the case will be remanded to the District Court. Thereafter Cold Metal will be given an opportunity to answer. In the instant case the bill has been filed and an answer will be due within 30 days after the disposition of this motion. Bliss can then move for trial and possibly obtain the vindication which it alleges it has been seeking for years. Meanwhile Bliss asks that Cold Metal be enjoined from prosecuting this infringement suit which involves not only the Steckel patents but also the McBain patent which is not in the Ohio suit.

It has already been judicially determined that the Ohio suit does not present "a concrete case admitting of an immediate and definitive determination." This decision is res judicata here. It is immaterial that an appeal is pending. The decision of the District Court is the law of this case binding equally both parties until and unless reversed on appeal. Cohen v. Superior Oil Corporation (D.C.) 16 F.Supp. 221, 224, affirmed (C.C.A.) 90 F.2d 810. According to Bliss complete relief can be afforded the parties in the Ohio suit. Its argument is completely answered not only by the decision of Judge Jones in the Ohio case, but by the fact that this infringement suit involves issues and may afford relief not obtainable in the Ohio suit.

In any event, Cold Metal has the statutory right to sue Bliss in Delaware for patent infringement. The Declaratory Judgments Act does not deprive Cold Metal of this right. Link-Belt Co. v. Dorr Co. (D.C.) 15 F.Supp. 663. Whether Cold Metal should be permitted to pursue this remedy after suit brought rests in the sound discretion of the court. Bliss has

failed to carry the burden of proof resting upon it. Upon the record made and in the exercise of a sound discretion, the court should deny the· motion.