## COLUMBIA CASUALTY CO. v. THOMAS et al.*

### No. 8838.

Circuit Court of Appeals, Fifth Circuit.

Jan. 28, 1939.

Wm. H. Rogers and Lawrence C. Case, both of Jacksonville, Fla., and Dewey Knight, of Miami, Fla., for appellant.

H. M. Taylor and Edgar S. Blake, both of Quincy, Fla., and Forrest Hoffman, of St. Petersburg, Fla., for appellees.

Before SIBLEY, HUTCHESON, and HOLMES, Circuit Judges.

HUTCHESON, Circuit Judge.

Appellant is the insurer in a motor vehicle insurance policy, insuring one Clauson, as named assured, on trucks while used for commercial purposes. Appellees

*Rehearing denied March 1, 1939.

are Clauson, the named assured, Thomas, a claimed additional assured, the negro driver of one of the trucks which, in a collision with a passenger bus, had killed and injured many people, and persons injured or claiming to have been injured, in the collision.

The suit brought by appellant against appellees was for a declaratory judgment that the truck, at the time of the collision, was not being operated within the policy coverage, with Clauson's consent and for commercial purposes; that Thomas was not an additional assured, and that plaintiff was therefore not liable upon the policy to Clauson or to Thomas, or to any of those who had been injured in the collision.

The claim was, that notwithstanding the fact that at the time of the collision, the truck, though driven by Thomas, an employee of Clauson, was not being used within the policy coverage with Clauson's consent, or for commercial purposes. Clauson, Thomas, and those injured in the collision were asserting that Clauson and Thomas were covered by the policy, that plaintiff was liable under it, and that, because of the controversy thus arising and existing, plaintiff was entitled to bring this suit to obtain a declaration of rights, and for an injunction pendente lite.

Thomas answered not, but Clauson answered, admitting the issuance of the policy, and that he was claiming coverage under it, and alleging that the car, at the time of the accident, was not being driven in direct connection with his occupation or business, or with his knowledge and consent, but was being used for Thomas's own pleasure and entertainment, contrary to express instructions. He further alleged, however, that he had been sued and threatened with suit by persons injured in the accident, upon the claim that he was liable for the act of Thomas in driving the truck, and that under the terms of the policy as written, and if not, as it was intended to be written, if he is liable to the persons so suing, and threatening to sue, plaintiff, as his insurer, is liable over to him on the policy. As an additional defense against plaintiff's claim of non-liability, he alleged that plaintiff had affirmatively recognized and admitted that liability to him, had assumed and taken charge of his defense, arranged each and every step in it, and is thereby now estopped to claim or contend that it is not obligated under the policy. There was a prayer that if the policy does not so speak, it be reformed to do so.

The other defendants to the suit, persons injured or claiming to have been injured in the collision, answered with a plea to the jurisdiction of the court, a denial of plaintiff's allegations as to the coverage of the policy, a plea of estoppel, by its conduct in assuming the defense of the suits and claims against Clauson, to claim non-liability, and a plea that in a previous suit brought by plaintiff for declaratory judgment its liability under the policy had been adjudicated. Plaintiff's motions attacking the various answers of defendants were passed for determination on final hearing, and there was a reference to a Master to take testimony on the merits of plaintiff's claim.

As part of its testimony plaintiff offered an affidavit by Thomas, as to what he was doing in and with the truck before and at the time of the collision. Objected to, the objection was sustained, and the affidavit was excluded. Thereafter, being of the opinion that plaintiff had not made out a case for declaratory relief, the District Judge dismissed the suit, but without prejudice. Defendants make no complaint of the judgment, either by appeal or cross appeal. Plaintiff, however, as appellant, complaining of it, insists that there was error in excluding Thomas's affidavit, because it was an admission against his interest by which he and all the defendants were bound, and that, the affidavit aside, the admissions of Clauson's answer, and other evidence, made out a case for judgment in its favor.

We do not think so. Assuming, without deciding, that Thomas's affidavit did support plaintiff's case, we think it too clear for discussion that it was rightly excluded. The ground on which its claim to be admitted was based, was that it was an admission against Thomas's interest, and that since the damage claimants derive their rights against plaintiff under the policy, through Thomas, they are bound by admissions against his interest contained in the affidavit.

This is contrary, we think, to every sound principle of the purpose and effect of proof. If admissions in favor of the insurer contained in an ex parte statement it has procured from the claimed additional assured, the driver of the insured vehicle, are binding on the named assured, and on persons claiming to have been in-

jured by the vehicle, the rights of the named assured and of third parties under such policies would be of small value. For it is unfortunately true that ex parte affidavits, which do not speak the truth, are easily procurable, and are procured from willing persons, who, though they may not be corrupt, may be ignorant and easily led. If, to their effect against the affiant, there is added by the rule invoked, an effect against third persons, such affidavits will be at a premium, and the race for them will be on.

Nor, we think, does plaintiff stand any better, as to the claimed admissions in defendant Clauson's answer, as to the damage claimants, or as to Clauson himself. They are not admissible against the damage claimants, because they are pleaded not as admissions of any kind, but as defenses to claimants' suits. If their truth could be established the so called admissions against Clauson's interest, by which it is sought to bind claimants, would defeat the suits they have brought against him. By their very nature, therefore, as to claimants, they are not admissible against them.

But neither are they admissible against Clauson. They are made by him in his answer, which, taken as a whole, vigorously affirms plaintiff's liability to him on the policy, and whatever their effect might be if standing alone, as joined with the balance of the pleading in the case they are not in any sense admissions against defendant Clauson's interest, that the truck was not covered by the policy as to the damage claims in question. Thus, with the affidavit of Thomas properly excluded, and the claimed admissions of Clauson without existence, plaintiff stood below without any proof of the facts on which it based its claim to a declaration in its favor, for the other testimony it offered was without substantial probative value.

Upon the record as it stood the District Judge rightly and wisely exercised the discretion vested in him in the granting or refusing of declaratory judgments. c/f Aetna Casualty & Surety Co. v. Quarles, 4 Cir., 92 F.2d 321. There being no basis in the record for a judgment for plaintiff, the District Judge was right in declining to enter one in its favor. He was right, too, in dismissing the suit without prejudice, rather than in attempting, upon the inadequate record presented to him, to make a declaratory adjudication against plaintiff. Dismissing appellant's suit without prejudice, he left it, in other litigations, unembarrassed by its failure to make out a case in this one. Appellant can find nothing in this to complain of.

The judgment was right. It is affirmed.