## OHIO CASUALTY INS. CO. v. MURPHY et al.
### No. 40.

District Court, W. D. Kentucky, at Louisville, Kentucky.

July 13, 1939.

Woodward, Dawson & Hobson, of Louisville, Ky., for Ohio Casualty Ins. Co.

Charles W. Morris, of Louisville, Ky., for Sears, Roebuck & Co.

Barnes, Smith & Monarch, of Owensboro, Ky., for Bertha Stephens, adm'x of estate of Earl Hooper, deceased, and Orell Davidson.

Nicholas Johnson, of Louisville, Ky., for Perry Murphy.

MILLER, District Judge.

This action is brought by the Ohio Casualty Insurance Company under the provisions of the Declaratory Judgment Act (Section 274d of the Judicial Code, as amended, 28 U.S.C.A. § 400). The plaintiff seeks a declaration of its rights and liabilities with respect to an automobile liability insurance policy issued by it upon a motor truck owned and operated by the defendant Perry Murphy.

On and prior to July 7, 1938 Perry Murphy was employed by the defendant Sears, Roebuck & Company and as a part of that employment was required to operate his own motor truck and to carry liability insurance upon the same at his own expense. On July 7, 1938 Murphy conferred with Laurence L. Weill, a solicitor in the insurance office of Onis L. Greer at Owensboro, with reference to the cheapest type of insurance which Murphy could purchase. On that day the insurance agency issued a temporary binder covering the automobile in question and promptly corresponded with its principal, the Ohio Casualty Insurance Company at Hamilton, Ohio, requesting information as to how the policy could be issued. The insurance company advised that the policy could be issued for a period of four months upon payment of 40% of the yearly premium of $45, which policy could carry endorsements calling for two four months' renewals on November 7, 1938, and on March 7, 1938 upon the payment of $13.50 additional premium at the time of each renewal. The agency executed such a policy covering the period of July 7, 1938 to November 7, 1938 and delivered it to Murphy when he called for it on August 13, 1938. At that time Murphy paid the premium of $18, being 40% of the annual premium of $45, by giving a twenty dollar bill to the agency and receiving from the agency $2 in change. The agency delivered to him a receipt for $18, which showed payment of the premium for a period of four months. Murphy had possession of the receipt and the policy from that day until December 9, 1938 at which time the accident occurred giving rise to the claim under the policy. Murphy did not pay any subsequent premiums or undertake to make any further payments on the policy. On November 7, 1938, when the

policy expired by its terms Weill attempted to contact Murphy personally but was unable to do so and on November 16, 1938 wrote Murphy a letter advising that he would have to pay an additional premium of $13.50 if he wished the policy extended after November 7, 1938. This letter was properly addressed to Murphy at Owensboro, but Murphy states that it was never received by him. On December 9, 1938, the automobile referred to in the policy was involved in an accident while being operated by Murphy which resulted in the death of Earl Hooper and injuries to Orell Davidson. It is contended by Perry Murphy, Sears, Roebuck & Company, Orell Davidson and the Administratrix of the estate of Earl Hooper that the policy issued by the Ohio Casualty Insurance Company was meant to be a policy for a period of one year beginning July 7, 1938, but by mistake of the parties was issued for a period of only four months and was received by the insured without notice of the mistake. While Orell Davidson and the Administratrix of the estate of Earl Hooper were threatening suit in Daviess County, Kentucky, against Perry Murphy, Sears, Roebuck & Company, and the Ohio Casualty Insurance Company for damages suffered by reason of the accident on December 9, 1938, the Ohio Casualty Insurance Company filed this action against Perry Murphy, Sears, Roebuck & Company, Orell Davidson and the Administratrix of the estate of Earl Hooper to have an adjudication upon the question of its liability under the policy in question. The petition sets out that the policy was issued for a four month period of July 7, 1938 to November 7, 1938, that it was not renewed by the insured as was provided by the endorsement giving such an option to renew, and that it expired by its terms on November 7, 1938. The defendants claim that the insurance company through its Owensboro agency agreed orally with Perry Murphy to insure the automobile in question for a period of one year and that the policy issued after correspondence with the home office was written for a period of four months, and so accepted by the insured by reason of a mutual mistake. They further claim that the policy should be reformed so as to insure the automobile in question for a period of one year beginning July 7, 1938 which would include the date on which the accident occurred.

The plaintiff introduced in its behalf both Weill, the insurance solicitor in the Owensboro office, and Mary Littell, Secretary of the Greer Insurance Agency at Owensboro. Their testimony fully substantiates the position of the plaintiff and includes copies of the correspondence between the agency and the home office and of the agency's letter to Murphy of November 16th advising him of the necessity of paying an additional premium. On behalf of the defendants Murphy testified that he had told the insurance agency that he did not want a term policy and insisted upon a policy for a year with the right to pay the premium in installments at various times throughout the year, and that he had no notice or knowledge until after the accident that the policy delivered to him was not for a full year's period. He also testified that it was agreed that the policy would be for a full year's period with the right to pay in installments of $7 at regular intervals throughout the year. However, his testimony does not satisfactorily explain why he paid $18, out of a twenty dollar bill, when he received the policy, nor his failure to receive or pay any attention to the letter of the agency advising him that the policy had expired on November 7, 1938.

It is well settled as a matter of law that a written instrument may be reformed to meet the intention of the contracting parties when it has been incorrectly drafted through a mutual mistake of fact. Both plaintiff and defendants admit this legal principle. However, in order for the principle to be applied the evidence must be clear and convincing that such a mutual mistake existed. Warfield Natural Gas Co. v. Endicott, 266 Ky. 735, 99 S.W.2d 822. The evidence introduced by the defendants in this case fails to meet this test by a very wide margin. At its best it only tends to show, without even proving to the satisfaction of the Court, that Murphy thought he was getting a policy for a year instead of a policy for only four months. It fails to show in the slightest degree that it was a mistake or misunderstanding on the part of the insurance company in issuing the policy in question. Accordingly, the relief prayed for by the defendants, namely that the insurance policy be reformed so as to cover the period of July 7, 1938 to July 7, 1939 must be refused. On the contrary the relief prayed for by the plaintiff, namely that there be a judicial determination in this action that its liability under the policy in question terminated on November 7, 1938, and therefore did not cover the ac-

cident on December 9, 1938, should be granted.

The defendant Sears, Roebuck & Company states in its answer by a separate paragraph and in the alternative that at the time and place of the accident Perry Murphy was not the agent or servant of the defendant Sears, Roebuck & Company, but was an independent contractor over whose actions, in the operation of said truck, Sears, Roebuck & Company had no control, and asks for a judicial determination of this issue in the present case. Its co-defendants, Orell Davidson and the Administratrix of the estate of Earl Hooper, have objected to the trial of this issue in the present action and have moved to strike that paragraph from the answer of Sears, Roebuck & Company. In support of their objection they allege that on February 2, 1939 before Sears, Roebuck & Company filed its answer in this action on March 8, 1939 they had filed separate suits in the Daviess Circuit Court against Perry Murphy and Sears, Roebuck & Company for damages caused by the negligent operation of said truck by Perry Murphy as an employee of Sears, Roebuck & Company, and that this Court should not deprive the state courts of its jurisdiction to try that issue in actions then pending. An unusual situation presented itself when the present declaratory judgment action came on for trial in the Federal Court on April 14, 1939. All parties announced ready and waived a jury. The plaintiff introduced its proof and rested. The defendant Sears, Roebuck & Company began the introduction of its proof and during the same the attorney for the defendants Davidson and Hooper's administratrix advised the Court that he did not know that the question of the status of Perry Murphy had been raised by any pleadings in the case in that he had never received a copy of the answer filed by Sears, Roebuck & Company and no process had been caused to be issued or served on his client, and that accordingly he was not prepared to meet that issue. Objection was also made at that time to the issue being heard in this action. The Court continued with the hearing of the evidence offered by Sears, Roebuck & Company with cross-examination by objecting counsel, and at the conclusion of the hearing gave counsel for the claimants adequate time to present any evidence it desired upon the issue by way of affidavits subject to relevancy and competency and cross-examination by Sears, Roebuck & Company if desired. It also granted to counsel for claimants right to raise the issue by appropriate pleading even though the evidence on behalf of Sears, Roebuck & Company had already been introduced. Counsel for claimants has filed several affidavits and also their pleading objecting to decision in this action on the issue of whether Perry Murphy was an employee of Sears, Roebuck & Company or an independent contractor. The right to such a decision is vigorously insisted upon by counsel for Sears, Roebuck & Company who has also filed an extensive brief covering the evidence and legal authorities pertaining to the issue. Counsel for claimants has also briefed the issue although still maintaining that the issue should not be determined in this action but should be left for a determination in the two state actions pending in the Daviess Circuit Court.

The petition filed by the Ohio Casualty Insurance Company asking for a declaration of rights presents the issue of whether or not the insurance policy issued by the plaintiff should be reformed and asks that the absence of liability under the policy be judicially determined. This relief is asked by reason of the facts surrounding the issuance of the policy and by reason of certain provisions of the policy providing for a release of liability by reason of certain acts of the assured. It does not raise the question of independant contractor on the part of the insured. The defendants had no knowledge of this issue being raised in the case by reason of the petition or the summons served on them following the filing of the petition. This issue was first raised by the answer of Sears, Roebuck & Company. Summons was not issued on this answer nor was a copy of the answer delivered to the claimants or their counsel. The answer, insofar as this issue was concerned, constituted a cross-action against the co-defendants Orell Davidson and the Administratrix of the estate of Earl Hooper of which they were entitled to reasonable notice before trial. Irrespective of the necessity of a summons depending upon whether or not the answer of Sears, Roebuck & Company was in substance a cross-action against Orell Davidson and the Administratrix of the estate of Earl Hooper, it appears necessary under Rule 5 of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, that the pleading of Sears, Roebuck & Company be served upon the co-defendants affected by the pleading by delivering or mailing a copy of the pleading to the attorney for such

256

co-defendants. By reason of this failure on the part of the claimants to have notice of this issue having been injected into the case this Court is of the opinion that the announcement of their counsel as being ready for trial and for having participated in the trial without objection until the issue made its appearance in the evidence should not be considered as a waiver of their rights to object to a determination of this issue in the present case, and accordingly all subsequent proceedings were without prejudice to their right to raise the issue by appropriate pleadings at a later time. It remains to be determined therefore whether or not the issue raised by Sears, Roebuck & Company is a proper one for determination in the action brought by the Ohio Casualty Insurance Company.

■■■■■ The Federal Declaratory Judgment Act provides that "in cases of actual controversy" the Courts of the United States shall have the power upon appropriate pleadings to declare rights and other legal relations of any interested party petitioning for such declaration. It seems clear that the issue presented by Sears, Roebuck & Company is one of "actual controversy" and is also of such a character as is cognizable by the Court in such a proceeding, provided it was presented under circumstances which justified the Court in passing upon it. Ohio Casualty Ins. Co. v. Plummer, D.C., 13 F.Supp. 169; Columbia Casualty Co. v. Thomas, 5 Cir., 101 F.2d 151; Travelers Ins. Co. v. Young, D.C., 18 F.Supp. 450; Aetna Life Ins. Co. v. Haworth, 300 U.S. 227, 57 S.Ct. 461, 81 L.Ed. 617, 108 A.L.R. 1000. It is also clear that the operation of the Act is not limited to cases where there are no other forms of action in which the rights of the parties may be determined. The fact that there is available another adequate remedy does not deprive the District Court of jurisdiction. Penn v. Glenn, D.C.W.D.Ky., 10 F.Supp. 483; Western Casualty & Surety Co. v. Beverforden, 8 Cir., 93 F.2d 166.

However, the operation of the Act is procedural only and does not add to the jurisdiction of the Court. Aetna Life Ins. Co. v. Haworth, supra. Whether or not it should be made applicable in any particular case, even though jurisdictional facts exist, is a matter resting in the discretion of the trial court consistent with the purposes of the act. Aetna Casualty & Surety Co. v. Quarles, 4 Cir., 92 F.2d 321; U. S. & Fidelity & Guaranty Co. v. Pierson, D.C.,

21 F.Supp. 678; Link-Belt Co. v. Dorr Co., Inc., D.C., 15 F.Supp. 663; New Discoveries, Inc. v. Wisconsin Alumni Research Foundation, D.C., 13 F.Supp. 596.

The purpose of the act is to provide a method of adjudicating legal disputes and of determining legal rights in advance without the necessity of engaging in expensive litigation at a later time, following a violation of one's rights due to the uncertainty of the same. It was not passed for the purpose of permitting a litigant to try particular issues without settling the entire controversy, or to interfere with a pending action in another court involving the same parties and the same issues. If the issue raised by Sears, Roebuck & Company in this action was decided adversely to it, it would not dispose of the litigation pending in the Daviess Circuit Court against Sears, Roebuck & Company, but Sears, Roebuck & Company would still defend that action on the issue of negligence on the part of the driver of the automobile. Even if the issue were decided favorably to Sears, Roebuck & Company, it would not dispose of the litigation in the Daviess Circuit Court, which would still proceed against the defendant Murphy. If that case was not already pending there might be reason for disposing of the issue raised by the defendant in this case, but as conditions exist it merely would result in substituting the decision of this Court for the decision in that Court. This question was discussed in Aetna Casualty & Surety Co. v. Quarles, supra, where the Court said [92 F.2d 325]: "It is well settled that the declaratory remedy should not be invoked merely to try issues or determine the validity of defenses in pending cases" (authorities cited in support), and also quoted with approval the following extract from Bochard's Declaratory Judgments: "The court will refuse a declaration where another court has jurisdiction of the issue, where a proceeding involving identical issues is already pending in another tribunal, where a special statutory remedy has been provided, or where another remedy will be more effective or appropriate under the circumstances. In these cases it is neither necessary nor proper to issue the declaration."

■■■■■ In the Quarles case, the Pierson case, and the Dorr Co., Inc., case referred to above, the District Court refused a declaration of rights under circumstances where another action was pending involving the same parties and the same issue.

Considering all of the circumstances involved in the issues between Sears, Roebuck & Company, Perry Murphy, Orell Davidson and the Administratrix of the estate of Earl Hooper, it appears to this Court inadvisable on its part to take jurisdiction in this action of the issue raised by Sears, Roebuck & Company and thus in effect supercede at least part of the action pending in the Daviess Circuit Court. That pending action will afford all of the interested parties full opportunity to have the question fully heard and determined. Accordingly, the motion of Davidson and the Administratrix of the estate of Earl Hooper to strike paragraphs V, VII and VIII from the answer of the defendant Sears, Roebuck & Company should be sustained, without prejudice, however, to the rights of said defendant to present the issues raised by said paragraphs of its answer in any other action now pending or hereafter instituted.

Counsel will please prepare judgment in accordance with the views expressed in this opinion.