## CROSLEY CORPORATION v. HAZELTINE CORPORATION.
### No. 194 Civil Action.

District Court, D. Delaware.
April 15, 1941.

As Amended April 19, 1941.

Samuel E. Darby, Jr. (of Darby & Darby), of New York City, and Hugh M. Morris and S. Samuel Arsht, both of Wilmington, Del., for plaintiff.

R. Morton Adams and John Hoxie (of Pennie, Davis, Marvin & Edmonds), both of New York City, and E. Ennalls Berl (of Southerland, Berl, Potter & Leahy), of Wilmington, Del., for defendant.

NIELDS, District Judge.

Motion for preliminary injunction.

This is a suit for declaratory judgment under U.S.C.A. Title 28, Section 400, brought by the Crosley Corporation, plaintiff, a corporation of Ohio, against Hazeltine Corporation, defendant, a corporation of Delaware. Jurisdiction is based upon the patent statutes.

Plaintiff alleges that defendant has asserted that "Crosley" radio receivers manufactured and sold by plaintiff and its agents are covered by each of twenty patents set out in the complaint and owned by defendant; and that defendant has threatened infringement suits thereon.

January 30, 1941, seventeen days after the filing of the complaint in this action, defendant brought nine suits against plaintiff, in the District Court of the United States for the Southern District of Ohio, Western Division, charging infringement of patents forming the subject matter of the present action. February 3, 1941, defendant filed its answer in this suit but no counterclaim was included therein. On the same day this plaintiff moved for a preliminary injunction restraining defendant from further prosecuting the nine suits brought by defendant against plaintiff in Ohio.

Plaintiff's right to an injunction depends upon the particular facts of the present case. From the affidavits filed it appears that plaintiff was a licensee of defendant for over twelve years. This license expired in June, 1939. There were discussions about a possible new license but none was granted. In December, 1939, defendant notified plaintiff it was infringing twenty two of defendant's patents. In May, 1940, defendant brought suit in Ohio against plaintiff on two of these patents. This suit was tried in November, 1940, and is now awaiting decision. Plaintiff made no attempt to have the other twenty patents adjudicated by counterclaim in that suit.

In the present suit plaintiff presents no evidence of harassment or intimidation. Officers of the plaintiff make no statement that it has been harassed. No customer of plaintiff states that he has been harassed or sued or threatened with suit. The suggestion that this action is brought because of harassment is not sustained by any evidence.

Does the pendency of a declaratory judgment suit defeat a patent owner's right to sue elsewhere for infringement? More specifically, in the absence of proof of harassment does the bringing of this declaratory judgment suit to have certain of

defendant's patents declared invalid and not infringed defeat defendant's right within a reasonable time thereafter to bring and prosecute suits in Ohio for infringement of any or all of those patents? This question involves the consideration of two Federal statutes.

The patent statute provides: "In suits brought for the infringement of letters patent the district courts of the United States shall have jurisdiction, in law or in equity, in the district of which the defendant is an inhabitant, or in any district in which the defendant, whether a person, partnership, or corporation, shall have committed acts of infringement and have a regular and established place of business. * * *" U.S.C.A. Title 28, § 109.

The Declaratory Judgments Act provides: "In cases of actual controversy * * * the courts of the United States shall have power upon petition, declaration, complaint, or other appropriate pleadings to declare rights * * * of any interested party petitioning for such declaration, whether or not further relief is or could be prayed, and such declaration shall have the force and effect of a final judgment or decree and be reviewable as such." U.S.C.A. Title 28, § 400.

██ A clear statutory right to sue given in the patent statute should not be considered taken away or abridged by a subsequent statute unless the legislative intention to take away or abridge what has already been bestowed unmistakably appears. The Declaratory Judgments Act contains nothing that tends in the least to impute to Congress an intention to deprive a patentee of his traditional remedy for infringement upon the prior filing of a petition for declaratory judgment.

██ After this declaratory judgment suit was instituted, nine suits were brought by defendant against plaintiff in the District Court in Ohio. They are in the usual form of suits for patent infringement. Each patent or group of related patents was made the subject of a separate suit. There is no multiplicity of suits since each suit is a separate cause of action. Relief sought in each suit is an injunction and an accounting of damages and profits. This complete relief can be obtained in the instant suit only by counterclaim. But defendant is not compelled to seek affirmative relief in the district of plaintiff's choice. Under the patent statute defendant is given the right to seek relief in either the district of plaintiff's domicile or in any district in which plaintiff has a regular and established place of business and has committed acts of infringement. Defendant chose the district in which plaintiff has its principal factory and its main office. The nine suits are an effort in good faith to seek relief in plaintiff's own district. They present no element or suggestion of harassment.

This court has refused to enjoin a patent owner prosecuting an infringement suit brought later against the plaintiff in a declaratory judgment action. Link-Belt Co. v. Dorr Co., D.C., 15 F.Supp. 663. In a somewhat analogous situation this Court refused to grant an injunction. It affirmed the right of the patent owner to bring suit in a district designated by the patent statute, saying: "In any event, Cold Metal has the statutory right to sue Bliss in Delaware for patent infringement. The Declaratory Judgments Act does not deprive Cold Metal of this right. Link-Belt Co. v. Dorr Co. (D.C.) 15 F.Supp. 663. Whether Cold Metal should be permitted to pursue this remedy after suit [is] brought rests in the sound discretion of the court. Bliss has failed to carry the burden of proof resting upon it. Upon the record made and in the exercise of a sound discretion, the court should deny the motion." Cold Metal Process Co. v. E. W. Bliss Co., D.C., 21 F.Supp. 509, 510.

A contrary view was expressed in Milwaukee Gas Specialty Co. v. Mercoid Corporation, 7 Cir., 104 F.2d 589. There the court enjoined the patent owner from prosecuting its infringement suit pending final decision in the declaratory judgment suit. The decision in that case should be distinguished from the present case. The defendant in the present declaratory judgment suit has not counterclaimed. In the Milwaukee case the patent owner counterclaimed in the declaratory suit and sought relief by way of injunction and an accounting. Thus the counterclaim made it possible to grant exactly the same relief in the declaratory suit that could be given in the infringement suit. If a defendant elects to seek affirmative relief by counterclaim and duplicates the relief he seeks in another court, the situation is different from the case at bar. Moreover, in the Milwaukee case the court failed to note the difference between actions in rem and actions in personam yet based its decision upon Kline v. Burke Const.

Co., 260 U.S. 226, 231, 43 S.Ct. 79, 67 L.Ed. 226, 24 A.L.R. 1077.

Plaintiff's motion must be denied.