## TRIANGLE CONDUIT & CABLE CO., Inc., v. NATIONAL ELECTRIC PRODUCTS CORPORATION.

### Civil Action No. 196.

District Court, D. Delaware.
April 22, 1941.

534

Samuel E. Darby, Jr. (of Darby & Darby), of New York City, and E. Ennalls Berl (of Southerland, Berl, Potter & Leahy), of Wilmington, Del., for plaintiff.

John Hoxie and W. Peters Blanc (of Pennie, Davis, Marvin & Edmonds), both of New York City and Josiah Marvel, Jr. (of Marvel & Morford), of Wilmington, Del., for defendant.

NIELDS, District Judge.

There are three motions in the above action: (1) Defendant's motion for summary judgment; (2) plaintiff's motion for leave to amend the complaint; and (3) plaintiff's motion for a preliminary injunction.

This is a suit for a declaratory judgment under section 274d of the Judicial Code, U.S.C.A. Title 28, § 400. Jurisdiction is based on the patent statutes.

The complaint alleges: That plaintiff is a corporation of New York and defendant is a corporation of Delaware; that defendant is the owner of eleven patents therein set forth; that defendant has charged that the electrical conductors and cables manufactured and sold by plaintiff and its agents are covered by said letters patent; and that defendant has threatened patent infringement suits by reason thereof. Plaintiff prays that an injunction issue restraining defendant and its agents from asserting or charging that plaintiff's electrical conductors and cables infringe said letters patent, or any of them, and from suing or threatening suit against any customer of the plaintiff by reason of the purchase, use or sale of plaintiff's electrical conductors and cables; that a preliminary injunction issue; and that a declaratory decree be entered adjudging said letters patent and each of them invalid and not infringed.

January 9, 1941, defendant notified plaintiff of plaintiff's alleged infringement of defendant's eleven patents and gave like notice to Sears, Roebuck & Co., plaintiff's customer. January 16, 1941, this declaratory judgment suit was brought. Eleven days thereafter defendant brought suit against plaintiff and its customer Sears, Roebuck & Co. for infringement of ten of these eleven patents in the United States District Court for the Eastern District of Michigan, Southern Division. The following day defendant filed in this court its motion for summary judgment for lack of a proper party plaintiff. The ground of this motion was that plaintiff was not a corporation of New York on the day of the filing of the complaint having been liquidated by merger, on or about June 29, 1940, into Triangle Conduit Co., Inc., a Delaware corporation, now Triangle Conduit & Cable Co., Inc. Thus it was contended that no actual controversy existed between the parties at the time of the filing of this complaint.

Plaintiff, recognizing the force of defendant's motion, moves for leave to amend paragraph 1 of its complaint by changing "New York" to "Delaware".

Both motions raise the same question. If the motion to amend is granted, the motion for summary judgment must be denied. Rule 15(a) of the Rules of Civil Procedure, 28 U.S.C.A. following section 723c, prescribes the circumstances under which a pleading may be amended: "(a) A party may amend his pleading once as a matter of course at any time before a responsive pleading is served * * *. Otherwise a party may amend his pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires".

 Is defendant's motion for summary judgment a "responsive pleading"? In the opinion of the court it is. If granted it would dispose of the case. A responsive pleading having been filed, should leave to amend be granted?

In its notice, defendant charged plaintiff with infringing its patents. This occurred when no New York corporation existed. The president of the Delaware corporation authorized plaintiff's attorney to institute a declaratory judgment suit. Pursuant to these instructions this action was brought by plaintiff. The real plaintiff was correctly named in the caption of the complaint and as the party signing the complaint.

 The issues raised by the complaint are validity and infringement of defendant's patents. These are the issues whether or not plaintiff has been correctly described in the complaint. Defendant knows plaintiff and knows the source of the products it charged infringed its patents. The words "of New York" are merely descriptive and are not determinative of the jurisdiction of the cause. Under the decisions of this court leave to amend should be granted effective as of the date of the filing of the original complaint. Jacobs v. Pennsylvania R. Co., D.C., 31 F.Supp. 595. Echevarria v. Texas Co., D.C., 31 F.Supp. 596. It follows that defendant's motion for summary judgment should be denied.

Plaintiff seeks to enjoin defendant from prosecuting a suit for infringement in the Eastern District of Michigan, Southern Division, against plaintiff and Sears, Roebuck & Co. That suit is based on ten of the eleven patents named in plaintiff's complaint in the present action. Plaintiff pretends to fear a campaign of intimidation but presents no basis for such a fear.

The affidavit of the vice president and secretary of defendant shows that no such campaign is planned or will be permitted. Defendant has made no threats. There is no evidence of harassment. Defendant has one suit pending in Detroit against plaintiff and one large customer, Sears, Roebuck & Co. Notice of infringement, without threat or demand, has been sent to one other large customer, M. B. Austin Company. Other jobbers and customers have not been notified of infringement.

 In the Detroit action this defendant, as plaintiff, seeks an accounting of profits and damages. In the present action it does not claim such relief. It has a legal right to seek such relief in any proper forum. The present action and the Detroit action raise issues of validity and infringement of the same patents yet full relief can be had only in the Detroit action. The motion for an injunction must be denied. Crosley Corporation v. Hazeltine Corporation, 38 F.Supp. 38, decided by this court April 15, 1941. Cold Metal Process Co. v. E. W. Bliss Co., D.C., 21 F.Supp. 509.

An order may be submitted.