**R. J. WIGHT, R. DeVerl Wight, and Ogden Poultry Company, a co-partnership, Plaintiffs,**

v.

**UNITED PACIFIC INSURANCE COMPANY and Great American Insurance Company, New York, Defendants.**

No. C-22-57.

United States District Court
D. Utah, Central Division.

Aug. 23, 1957.

Jack A. Richards, of Richards, Alsup & Richards, Ogden, Utah, for plaintiff.

John H. Snow and Raymond M. Berry, Salt Lake City, Utah, for United Pacific Ins. Co.

A. H. Nebeker, of Ray, Quinney & Nebeker, Salt Lake City, Utah, for Great American Ins. Co., New York.

CHRISTENSON, District Judge.

This action was brought by the plaintiffs against their insurers, United Pacific Insurance Company and Great American Insurance Company, New York, defendants herein, (possibly with the encouragement of the latter), for a declaratory judgment on the liability of said companies to defend a suit pending in the Second Judicial District Court of the State of Utah in and for the County of Weber. The state suit was brought by the guardian ad litem of Alice Fay Keech, a minor, against plaintiffs herein and their alleged agent, Max Curtis Mortenson, for damages (in an amount which exceeds the limits of the respective policies), allegedly arising out of an automobile collision in which the mother and father of the said minor were killed. Each of the defendant insurance companies has disclaimed coverage, the United Pacific Insurance Company refusing to accept the defense of the case, and the Great American Insurance Company, New York now defending it under a reservation of rights.[1] Pre-trial conference has been held and a pre-trial order entered. There since have been motions to bring in new parties and motions to dismiss, upon the latter of which the case now hangs.

This case touches the difficult field of comity between courts and possible conflict of interests between insurance companies and their assureds, as well as other problems more directly involved. Obscurity may result as much from unfamiliarity of the Court with legal terrain as from its inherent nature. Or it may be due simply to bad vision or poor glasses. Be this as it may, we seem to have been proceeding through an area of swirling mist where progress is beset with danger, as well as difficulty. Visibility has not been so limited as to impede all motion, but mutiple proceedings, the shifting views of counsel, the duplexity of interests, and other currents make difficult the choice of the right road and increase the danger that stop signs may be perceived where none exist, or may be missed when they should be seen, which might be worse. It has been deemed desirable to chart in this opinion where we have been and how we have reached the present terminus.

It is unnecessary to detail the facts and ultimate points of law initially presented in this suit. It is sufficient to note that at this stage it appears that one, but not both, of the insurance companies probably is obligated to defend under its policy and to respond to any judgment that may be returned in the State Court action. It further appears that a resolution of the ultimate issues by a declaratory judgment would depend in a measure upon whether Mortenson, at the time of the collision, was an employee of the poultry company or an independent contractor. This same question may be determinative of liability in the State Court action since if Mortenson were an employee, the poultry company, and hence their insurer, whichever it might be, may be immune from judgment. A finding that Mortenson was an employee, while possibly relieving Great American of responsibility under its policy, would increase the likelihood of a verdict in the State Court that the poultry company is liable. The case was pre-tried by this Court on the theory that what might be considered an employment under the respective policy provisions relating to the definitions of "hired automobile"[2] or "owned" or "non-owned automobile"

---

1. Plaintiffs will be referred to as "poultry company"; the Great American Insurance Company, New York as "Great American"; United Pacific Insurance Company as "United Pacific"; the plaintiff in the State Court will be referred to as such or as "third-party claimant."

2. Great American's policy covered a "hired automobile" but the definition of that term in its policy excluded automobiles "owned by or registered in the name of * * * (c) an employee or agent of the named insured who is granted an operating allowance of any sort for the use of such automobile. * * *"

should not, and would not necessarily, be determinative of whether Mortenson was an employee for the purpose of the application of the doctrine of respondeat superior in the State Court suit. Accordingly, no question was then raised as to the absence from the declaratory judgment case of the plaintiffs in the State Court suit.

After the issues were framed Great American moved to have the plaintiff in the State Court action made a party. On the surface it had everything to gain by doing so. Apparently it proceeded on the theory that if this Court should determine that Mortenson was an independent contractor, its defense on the merits on behalf of its assured would be established in the State Court action and thus, its own liability would be precluded; whereas, if it were held here that Mortenson was an employee, as unfortunate as this might be for its nominal insured, it would be fortunate for itself because that holding would preclude coverage under the definitions in the policy.

The Court came to the conclusion that the interests of all parties could best be protected by determining the issue of law here solely as between the insurance companies and their purported insured without inviting the commingling of other issues before the State Court through making the plaintiff there a party to this action. Accordingly, I rejected the untimely suggestion of Great American to add the new party. This was in full recognition of the principle that under ordinary circumstances it would be proper for the purposes of a declaratory judgment to bring all parties in interest before the Court so that the issues as to all could be finally determined. Maryland Casualty Co. v. Pacific Coal & Oil Co., 312 U.S. 270, 61 S.Ct. 510, 85 L.Ed. 826. But it was in recognition also of generally recognized exceptions to this rule. It is clear that it would be improper under some circumstances for this Court to interfere with pending state cases. Aetna Casualty & Surety Co. v. Quarles, 4 Cir., 1937, 92 F.2d 321; Ohio Casualty Ins. Co. v. Murphy, D.C.W.D. Ky., 1939, 28 F.Supp. 252. Especially would this seem to be so where a declaratory judgment would invite, and perhaps crystallize into unalterable form, a finding urged by an insurance company in its own interest but perhaps to the prejudice of its insured in the State Court action. As matters now appear to me, not only would it be unsuitable to bring in the additional parties, but it would be better not to continue with the action at all.

Since the Court's first ruling upon its suggestion to add the party, Great American has filed an "Amended Motion for Order Adding Necessary Party Defendant," with reference to the third-party claimant, and has also moved that Mortenson be made a party. At about the same time, United Pacific moved the Court to dismiss this action upon the ground, among others, that it is not a proper one for the utilization of a declaratory judgment.[3]

---

3. The full grounds of this motion are:
   "1. This court should decline to exercise its Declaratory Judgment jurisdiction because:
   "(a) this action is collusive in nature as between Plaintiffs and Defendant Great American Insurance Company of New York:
   "(b) this action is a friendly suit brought at the instance and request of Defendant Great American Insurance Company of New York;
   "(c) this defendant is advised and believes this action is being prosecuted under the direction of and at the expense of and by counsel employed by Great American Insurance Company of New York;
   "(d) admission of record made by the attorney representing Plaintiffs and the attorneys representing Great American Insurance Company of New York disclose the absence of a genuine adversary issue between those parties; and
   "(e) this action is under the domination of defendant Great American Insurance Company; and
   "2. The purpose of this action is to obtain a finding to be utilized in the action now pending before the District

The poultry company has moved for an order dismissing the above entitled action without prejudice under Federal Rules of Civil Procedure, rule 41(a) (1) (ii), 28 U.S.C.A., upon the grounds that United Pacific has filed a motion to dismiss the action and Great American has consented that the action should be dismissed by order of the Court without prejudice. The stipulation of Great American, by its attorneys, consenting that the Court might enter its order dismissing the action without prejudice was attached. In the alternative, the poultry company has moved the Court to dismiss the above entitled action without prejudice under Rule 41(a) (2), Ibid.

During the argument on these motions, United Pacific suggested that the dismissal should be upon terms to protect it from harassment and to prevent shopping for a jurisdiction which would accord the remedy once sought here. The other parties contended that since all parties had, in effect, stipulated to a dismissal, such dismissal must be by virtue of Rule 41(a) (1) (ii) which would not require any action of the Court and could not be on condition. The Court expressed the view, to which it now adheres, that even though all parties in a sense have consented to a dismissal, (United Pacific by virtue of its original motion to dismiss, the poultry company by reason of its own motion to dismiss upon other grounds, and Great American by reason of its consent that the poultry company's motion be granted), these circumstances did not invoke the operation of Rule 41(a) (1) (ii), but amounted only to the submission of United Pacific's original motion and permitted an order upon such terms and conditions, if any, as the Court deemed just. The other parties cannot convert a motion made under another subdivision of Rule 41 into an agreement to dismiss under subdivision (a) (1) (ii) by consenting to a dismissal under the latter subdivision or without prejudice, unless all parties consent to

that particular type of dismissal. United Pacific has not done so, but relies upon the grounds stated in its original motion. The question therefore is whether the Court now should exercise its discretion to dismiss the action, and if so, upon what terms and conditions, if any.

I have concluded that this action for declaratory judgment should be dismissed upon grounds two and three stated in United Pacific's motion to dismiss. More specifically, I find that it would be undesirable for the Court to anticipate, or preclude a determination of, the relationship between Mortenson and the poultry company as it may be found by the State Court; that it would be improper for this Court to invite Great American to establish here a status for Mortenson which might preclude a vital defense of its insured in the State Court; that the declaratory judgment procedure is unsuitable in view of the peculiar circumstances of this case, and that in these respects the claims of all of the parties for declaratory relief lack merit.

All parties now seem agreed that unless a declaratory judgment is binding upon Mortenson and the plaintiff in the State Court suit, its benefit would be questionable; plaintiff now seems to be of the view that it would be inadvisable for any declaration of this Court on its employer status to become binding in the State Court action, and United Pacific strenuously urges beyond this that it would be a highly improper interference with the State Court proceedings if it were binding. I have already decided that the third-party claimant should not be made a party here; but Great American has pending a motion which, in effect, asks for a reconsideration of this decision. It is clear that without having the third-party claimant before this Court, a decision on Mortenson's status would not be binding upon her and, consequently, for practical purposes might

Court of Weber County, State of Utah, in non-removable local action; and

"3. This is not a proper action for the utilization of the Declaratory Judgment procedure."

not resolve future issues between the poultry company and its insurers.

■ Great American takes the position that with the third-party claimant and Mortenson as parties here, my determination would and should dispose of Mortenson's status for the purpose of the insurance coverage question, on the principle of res adjudicata. See Aetna Casualty & Surety Co. v. Yeatts, 4 Cir., 1938, 99 F.2d 665. I am not so sure even with the presence of these interests that the effect of this Court's determination would be as claimed by Great American. A decision on employment status for the purpose of policy interpretation would not necessarily be controlling with respect to the question of liability under the doctrine of respondeat superior, since terms may be used in different context and thereby may be afforded different meaning. Fidelity and Casualty Company of New York v. Reece, 10 Cir., 1955, 223 F.2d 114; Tri-State Casualty Ins. Co. v. Loper, 10 Cir., 1953, 204 F.2d 557. Different rules of construction and related burden of proof may apply. B. & H. Passmore Metal & Roofing Co., Inc., v. New Amsterdam Casualty Co., 10 Cir., 1945, 147 F.2d 536. And there may be a difference in the rules governing admissibility of proof in the respective cases which would justify and require different results in each. See Columbia Casualty Co. v. Thomas, 5 Cir., 1939, 101 F.2d 151.

It is true that the ultimate responsibility of Great American is not clearly charted in the absence of a complete determination here and it is now faced with a dilemma. But such determination would not solve its dilemma. It already may have advanced on behalf of its insured in the State Court action the very relationship of independent contractor that, if sustained here, would establish coverage under its policy. However, it should be noted in this connection that if that position is upheld in the State Court, it, as well as its insured, may be saved from the necessity of responding to any judgment whatever. If, on the other hand, it should be established there that in fact Mortenson was an employee of the poultry company, such determination at least would not be inconsistent with the claim which it may later make that there is no coverage under the policy it issued to the poultry company. In either event, it may be prejudiced to an extent by uncertainty or, under one alternative, by the expense of sustaining a defense which it was not bound to finance. Both consequences could be worse even from its standpoint. To litigate the matter here might resolve the question of coverage at least as far as this Court is concerned, but what of the responsibilities of defense pending appeal, the question of conflicts of interest should recovery be had against the poultry company in excess of policy limits and other serious problems which could confront Great American after a declaration here. United Pacific, on the other hand, may stand to lose more by delayed decision than Great American, for should it be determined ultimately that it had the obligation of defense, its problems, including those incident to any recovery in excess of policy limits, might be weighty. Nonetheless, balancing all factors, I believe its objections to these proceedings are well taken.[4]

4. Since the filing of this decision the Supreme Court of the State of Utah in the case of "Utah Farm Bureau Ins. Co. v. Chugg, Utah, 315 P.2d 277, while holding that under similar circumstances the trial court had jurisdiction to grant declaratory relief particularly in view of the injured party's failure to object to being joined, was critical of any declaratory action by the insurance company which might prevent the trial of the principal action with dispatch and without regard to any dispute between insurer and assured. It was specifically held that one who claims to be damaged by the negligent act of an insured is not a proper party to an action by the insurer to determine its liability under a public liability policy. A separate concurring and dissenting opinion questions the right of an insurance company under the circumstances to maintain the action at all, and discusses the conflict of interests confronting insurance companies in such cases.

The terms, if any, upon which the case should be dismissed remain to be decided. Taxable costs, of course, should be paid by the plaintiff. Should the Court go further, as suggested by United Pacific, and seek to impose express conditions which would preclude the bringing of another declaratory judgment action in advance of the trial of the pending State Court case?

I do not believe that express conditions are justified or necessary. It has been determined for the reasons stated that none of the parties has a meritorious case for declaratory relief at this stage of the State Court proceedings and that in the exercise of both my jurisdiction and discretion, I should decline to proceed further. To this extent, and to this extent only, is the ruling with prejudice. If, remaining unreversed, this has the effect of precluding further action for declaratory relief because of the adjudication itself (see General Inv. Co. v. New York Cent. R. Co., 271 U.S. 228, 46 S.Ct. 496, 70 L.Ed. 920; also 10 A.L.R.2d 786–787 and cases cited), or from acceptance by another Court of the sufficiency of reasons assigned, or from other cause, well and good. If not, or if conditions arise which have not been considered, I am confident that any further application for a declaratory judgment will be properly acted upon by the cognizant Court. Attempted legal coercion by means of special terms, conditional costs or prohibitions would be inappropriate. This Court will assume responsibility for its own views, but will not presume to act as the custodian of the conscience of any other.

United Pacific's motion to dismiss this action, including the complaint and all other claims to declaratory relief herein, is granted for the reasons stated, with taxable costs awarded to it as against the plaintiffs.