**TRIANGLE CONDUIT & CABLE CO., Inc., v. NATIONAL ELECTRIC PROD-UCTS CORPORATION.**

No. 7779.

Circuit Court of Appeals, Third Circuit.

Argued Oct. 22, 1941.

Reargued Jan. 5, 1942.

Decided Feb. 10, 1942.

Samuel E. Darby, Jr., of New York City (E. Ennalls Berl of Wilmington, Del., and Louis D. Fletcher and Floyd H. Crews, both of New York City, on the brief), for appellant.

John Hoxie, of New York City (Marvel & Morford, of Wilmington, Del., Pennie, Davis, Marvin & Edmonds, Dean S. Edmonds, and W. Peters Blanc, all of New York City, on the brief), for appellee.

Before BIGGS, MARIS, CLARK, JONES, and GOODRICH, Circuit Judges.

MARIS, Circuit Judge.

Triangle Conduit & Cable Co., Inc., is a Delaware corporation engaged in the manufacture of electric wire, conduits and cables. National Electric Products Corporation is a Delaware corporation which also manufactures electric wire and cable. It owns patents which relate to the construction of and methods and machines for making wires and cables. On January 9, 1941 National formally notified Triangle that the latter was infringing 11 of the patents owned by National. On the same day it notified Sears, Roebuck & Company and M. B. Austin Company, customers of Triangle, that they were infringing seven of the same patents by reason of their sale of articles manufactured in disregard of National's patent rights.

On January 16, 1941 Triangle commenced an action in the District Court for the District of Delaware seeking a declaratory judgment as to the validity and infringement of the 11 patents specified in the notice to it. On February 3, 1941 National filed suit in the District Court for the Eastern District of Michigan against Triangle and Sears, Roebuck & Company, in which it sought a decree that Triangle had infringed by manufacturing, selling and using articles in violation of all patents specified in the notice to Triangle and involved in the declaratory judgment suit

and that Sears, Roebuck & Company had infringed by reselling articles manufactured in violation of six of the seven patents specified in the notice to it. Triangle thereupon moved for an injunction to restrain National from proceeding with the infringement suit until the District Court in Delaware had adjudicated the declaratory judgment suit. The court refused the motion and this appeal followed.

■ Triangle urges that the material facts and the question presented in the present case are identical with those in Crosley Corporation v. Hazeltine Corporation, 3 Cir., 122 F.2d 925, and that under the ruling in that case the district court was bound to enjoin the further prosecution of the infringement suit in the present case. In the Crosley case we held that a United States district court which first obtained jurisdiction of the parties and issues had the power to enjoin the further prosecution of proceedings involving the same parties and issues begun thereafter in another United States district court. We further held that under the circumstances of that case it was the duty of the court first obtaining jurisdiction to enjoin the prosecution of the subsequent proceedings in the other court. As we have seen, in the present case the district court in Delaware first obtained jurisdiction of Triangle and National and of the controversy between them. Having taken jurisdiction of the declaratory suit brought by Triangle it became the duty of that court to adjudicate the controversy. The rule which we announced in the Crosley case required it to restrain the parties from seeking to have the district court in Michigan duplicate that adjudication.

■ It is National's contention that the present case is distinguishable from the Crosley case by reason of the fact that National's infringement suit in Michigan was not brought against Triangle alone but that Sears, Roebuck & Company was joined as a defendant therein. We think, however, that the applicability of the rule of the Crosley case does not depend on whether or not in the subsequent infringement suit a reselling customer is joined as an additional defendant pursuant to the broad authority for the joinder of parties and causes of action conferred by Civil Procedure Rules 18 and 20, 28 U.S.C.A. following section 723c. For it has long been settled that the cause of action of a patent owner against an infringing manufacturer is wholly separate and distinct from his cause of action against one who resells the infringing product. The recovery of a judgment for damages against the manufacturer does not bar a suit to recover damages from his customer who resells. Birdsell v. Shaliol, 9 Cir., 1915, 112 U.S. 485, 5 S.Ct. 244, 28 L.Ed. 768; Sherman, Clay & Co. v. Searchlight Horn Co., 225 F. 497; Kryptok Co. v. Stead Lens Co., 8 Cir., 1911, 190 F. 767, 39 L.R.A., N.S., 1.

Civil Procedure Rule 21 permits any claim against a party to be severed and proceeded with separately. Consequently even though National is enjoined from proceeding against Triangle it is fully empowered to sever its separate cause of action against Sears, Roebuck & Company and to proceed with the prosecution of that cause of action alone. Whether National does so is of no concern to Triangle or to the district court in Delaware unless the prosecution of that cause of action can be shown to be a means of unfair competition with Triangle. But the prosecution of National's independent cause of action against Sears, Roebuck & Company may not be made the basis for transferring the adjudication of the controversy between Triangle and National from the district court in Delaware which first assumed jurisdiction of it to the district court in Michigan to which National subsequently sought to take it. Regardless of the presence of the cause of action against Sears, Roebuck & Company in the infringement suit in the Eastern District of Michigan it was the duty of the court below to enjoin National from proceeding with the cause of action stated in that suit against Triangle until after the present declaratory judgment action has been decided. We are satisfied that if we were to hold otherwise the salutary rule laid down in the Crosley case would be largely nullified.

■ Judge Biggs, who sat as a member of this court at both the hearing and rehearing of this case, has called to our attention the fact that on February 4, 1941, while sitting by special assignment in the court below, he heard a motion by the defendant in this case for an enlargement of its time to plead in response to the complaint and thereupon entered an order granting the extension of time requested. The motion was not opposed by the plaintiff and the question of the extension of time to plead is not involved in the present appeal from the refusal of the plaintiff's

motion for an interlocutory injunction. The judges of this court are all of the opinion that under these circumstances Judge Biggs is not disqualified under the provisions of Section 120 of the Judicial Code, 28 U.S.C.A. § 216, from sitting in this court on the hearing and decision of this case. Rexford v. Brunswick-Balke-Collender Co., 228 U.S. 339, 33 S.Ct. 515, 57 L. Ed. 864; Delaney v. United States, 263 U.S. 586, 44 S.Ct. 206, 68 L.Ed. 462.

The decree of the district court is reversed and the cause is remanded for further proceedings not inconsistent with this opinion.