## CROSLEY CORPORATION v. WESTINGHOUSE ELECTRIC & MFG. CO.

### No. 1524.

District Court, W. D. Pennsylvania.

Feb. 13, 1942.

Samuel E. Darby, Jr., and Floyd H. Crews, both of New York City, Alden D. Redfield, of Cincinnati, Ohio, and Christy, Parmelee & Strickland, of Pittsburgh, Pa., for plaintiff.

Brown, Critchlow & Flick and Jo. Baily Brown, all of Pittsburgh, Pa., Victor S. Beam, of New York City, and Carl S. Lloyd, of Chicago, Ill., for defendant.

GIBSON, District Judge.

The Crosley Corporation, on July 31, 1941, filed a suit for a declaratory judgment in respect to the validity and infringement of some sixteen patents owned by the Westinghouse Electric & Manufacturing Company. On August 1, 1941, the Westinghouse Company filed a complaint in the Southern District of Ohio, charging infringement by Crosley of said sixteen patents, and a few days later a complaint charging infringement of two other patents lately granted.

Under such circumstances, one unacquainted with the pugnacity of a branch of the legal profession might be led to the opinion that each party would be glad to withdraw his action and proceed at home. Not these litigants! Each is champing the bit to meet its adversary, but not in its own District.

Westinghouse has moved the court to dismiss the plaintiff's action, and the plaintiff has prayed an injunction to restrain the defendant in the instant case and plaintiff in Ohio from proceeding with its case in Ohio.

Prior to the almost simultaneous institution of the actions, Westinghouse had claimed infringement of certain of its patents by Crosley, but over a period of several years had never threatened any of the latter's customers with suit. Nor had it definitely threatened Crosley, but sought an amicable arrangement by license or otherwise. In answer to a number of letters Crosley had indicated a willingness to discuss the claims with Westinghouse, but never had done so. On July 28, 1941, Westinghouse mailed a letter to Crosley, received on July 30, 1941, wherein for the first time it gave notice that it proposed to file immediate suit for infringement of some sixteen patents. On the first day following the receipt of this notification Crosley, without any prior notice, filed its declaratory judgment action in this court. On that day the Westinghouse complaint was in the mails for Cincinnati; with instructions that it be filed immediately.

As a general proposition, in all cases of concurrent jurisdiction, the court which first has possession of the matter should decide it. See Crosley Corporation v. Hazeltine Corporation, 3 Cir., 122 F.2d 925, a declaratory judgment case also instituted by the plaintiff of the instant action, but under different circumstances than here appearing. But to this, as to most general rules, some exceptions are to be noted, and the instant matter presents one of them.

The underlying principle of the declaratory judgment is equity, and the granting of it to some extent should rest in the sound discretion of the court. Aetna Casualty & Surety Co. v. Quarles et al., 4 Cir., 92 F.2d 321, 324, approved in United States Fidelity & Guaranty Co. v. Koch et al., 3 Cir., 102 F.2d 288, 294.

The natural place for the trial of the patent controversy between Westinghouse and Crosley is the Southern District of Ohio, where Crosley may make direct answers to the complaint as to the sixteen patents of its declaratory judgment case and also to the complaint alleging infringement of the two recent patents not mentioned in the present complaint. And viewing the matter from the standpoint of a court of equity; and remembering that equity favors the diligent, it still must be kept in mind that unseeming haste to grab venue is not the diligence favored, but is a matter calling for disapproval. Such haste is quite apparent in the instant case, and, with other matters appearing, calls for the denial of the plaintiff's motion for an order enjoining Westinghouse from proceeding with its cases in the South Ohio District.

The motion of Westinghouse to dismiss the action of the plaintiff in this court will be denied, but the case will be ordered off the trial list pending the disposition of the cases in the Southern District of Ohio, with leave to the plaintiff, however, to move its restoration to the trial list if Westinghouse should not proceed with said cases with due promptitude.