## KEROTEST MFG. CO. v. C–O–TWO FIRE EQUIPMENT CO.

### Civ. A. No. 1300.

United States District Court
D. Delaware.

Aug. 18, 1950.

944

---

Richards, Layton & Finger, of Wilmington, Del., Smith, Buchanan & Ingersoll, and Blenko, Hoopes, Leonard & Glenn, all of Pittsburgh, Pa., for plaintiff.

Arthur G. Connolly, of Wilmington, Del., and R. Morton Adams (of Pennie, Edmonds, Morton & Barrows), of New York City, for defendant.

RODNEY, District Judge.

This case comes before the court upon two contemporaneous motions: (1) a motion of the plaintiff, Kerotest, for a preliminary injunction restraining the defendant, C-O-Two, from proceeding against Kerotest in a civil action in the United States District Court for the Northern District of Illinois, which action will hereafter, for reasons of brevity, be called the Chicago action; and (2) a motion of C-O-Two praying for an order staying further proceedings in the present action until ten days after final determination of the Chicago action.

The pertinent facts are these. On January 17, 1950, C-O-Two commenced the Chicago action against Acme Equipment Company, charging it with the infringement of certain patents. Acme is a customer of Kerotest. The Chicago suit was set down for trial on June 9, 1950. Kerotest did not offer to defend Acme nor did it intervene in the Chicago action. Subsequent to the institution of the Chicago action and on March 9, 1950, Kerotest instituted the present suit for a declaratory judgment with respect to the same patents as those involved in the Chicago action. On March 22, 1950, C-O-Two filed in the Chicago action an amendment to its complaint for the purpose of joining Kerotest as a co-defendant with Acme. On April 21, 1950, the District Court for the Northern District of Illinois denied a motion of Acme for a stay of the Chicago action. On April 28, 1950, this Court entered an order denying a motion of Kerotest for a preliminary injunction to enjoin C-O-Two from prosecuting the Chicago suit and granting a motion of C-O-Two for a stay of the present proceeding for a period of ninety days, the disposition of each motion being without prejudice to the right of either party to renew their motions at the expiration of that period.

On May 29, 1950, the court in Chicago entered an order denying Kerotest's motion for the quashing of the service upon it, and adjudging Kerotest to be a party to the Chicago suit. This order was to take effect as of March 24, 1950. Kerotest thereafter entered its appearance in the Chicago court and filed its answer, joining issue therein, on June 19, 1950.

In the meantime, an appeal was taken from the order of this court dated April 28, 1950. The Court of Appeals for this Circuit, on June 16, 1950, affirmed this court's judgment. 182 F.2d 773.

The basic issue now before this court seems to be whether, as regards Kerotest, this present action or the Chicago action has priority in respect of time of commencement. It has been authoritatively held that it is ordinarily the duty of the Federal District Court first obtaining jurisdiction of the parties and issues in a patent cause to proceed to adjudicate the controversy and to restrain the parties from seeking to duplicate the adjudication in a later suit in another district court.[1]

1. Crosley Corporation v. Westinghouse Electric & Mfg. Co., 3 Cir., 130 F.2d 474, certiorari denied 317 U.S. 681, 63 S.Ct. 202, 87 L.Ed. 546; Triangle Conduit & Cable Co., Inc. v. National Electric Products Corp., 3 Cir., 125 F.2d

The first case in which this principle was established in this Circuit was that of Crosley Corporation v. Hazeltine Corporation, 3 Cir., 122 F.2d 925, 930, certiorari denied 315 U.S. 813, 62 S.Ct. 798, 86 L.Ed. 1211; Id., 315 U.S. 831, 62 S.Ct. 913, 86 L.Ed. 1224. Crosley Corporation brought a declaratory judgment action in the District of Delaware against Hazeltine Corporation, seeking a declaration of non-infringement of some twenty patents owned by Hazeltine. Thereafter Hazeltine instituted nine suits against Crosley in the Southern District of Ohio, charging Crosley with infringing fifteen of the twenty patents involved in the Delaware action. The Court of Appeals held that the Delaware District Court had abused its discretion in not exercising its power to enjoin Hazeltine from prosecuting the Ohio actions, since it first had jurisdiction of the parties and of the issues. Judge Maris, speaking for the Court, outlined the public policy underlying this decision in the following terms: " * * * The party who first brings a controversy into a court of competent jurisdiction for adjudication should, so far as our dual system permits, be free from the vexation of subsequent litigation over the same subject matter. The economic waste involved in duplicating litigation is obvious. Equally important is its adverse effect upon the prompt and efficient administration of justice. * * * Courts already heavily burdened with litigation with which they must of necessity deal should therefore not be called upon to duplicate each other's work in cases involving the same issues and the same parties."

This decision was followed in Crosley Corp. v. Westinghouse Electric & Mfg. Co., 3 Cir., 130 F.2d 474, 475, certiorari denied 317 U.S. 681, 63 S.Ct. 202, 87 L.Ed. 546, in which the facts were very similar to those in the Crosley v. Hazeltine case. The fact that only one day intervened between the institution of the first and second suit was held in the Westinghouse case to make no difference. The argument principally relied upon by the defendant in the Westinghouse case in resisting an injunction restraining the prosecution of the later suit seems to have been that as the first action was one seeking declaratory relief, the court had discretion to decline to take jurisdiction. The District Court had held that the taking of jurisdiction of the declaratory judgment action was a matter of discretion and that it would in effect decline to take such jurisdiction because it was of the opinion that the natural place for the trial of the patent suit was in the Southern District of Ohio, where the second action had been brought, and because the plaintiff in the declaratory action had shown unseemly haste in filing that action after receiving notice that the other party proposed to bring a patent infringement suit against it immediately. The Court of Appeals reversed, holding that the discretion with respect to the exercise of jurisdiction in a declaratory judgment action is a legal discretion to be exercised in accordance with fixed principles of law, and saying: " * * * In patent cases, therefore, the district courts may decline jurisdiction of a suit brought in good faith to obtain declaratory relief only if it appears that the same parties and issues are involved in another suit previously begun or that in another suit subsequently begun involving the same parties and issues the questions in controversy between the parties can be better settled and the relief sought by them more expeditiously and effectively afforded than in the declaratory proceeding."

A variation in the factual situation was presented in Triangle Conduit & Cable Co., Inc. v. National Electric Products Corporation, 3 Cir., 125 F.2d 1008, 1009, certiorari denied 316 U.S. 676, 62 S.Ct. 1046, 86 L.Ed. 1750, which was decided before the Crosley v. Westinghouse case. There the declaratory judgment suit was brought by Triangle against National in the District of Delaware seeking a declaration of non-infringement with respect to eleven patents owned

1008, certiorari denied 316 U.S. 676, 62 S.Ct. 1046, 86 L.Ed. 1750; Crosley Corp. v. Hazeltine Corp., 3 Cir., 122 F.2d 925, 930, certiorari denied 315 U.S. 813, 62 S.Ct. 798, 86 L.Ed. 1211, rehearing denied 315 U.S. 831, 62 S.Ct. 913, 86 L.Ed. 1224.

by National. Subsequently National filed suit in the Eastern District of Michigan against Triangle and Sears, Roebuck & Company, charging infringement by Triangle of the patents involved in the declaratory judgment action and by Sears, Roebuck & Company of six of the same patents. Triangle moved in the Delaware District Court for an injunction to restrain National from proceeding with the infringement suit in Michigan. On appeal, the Court of Appeals held that National should be enjoined from prosecuting its suit against Triangle in the Michigan court, but not its suit against Sears, Roebuck & Company. It held the rule of the Crosley v. Hazeltine case to be controlling and the presence of a further party, a customer of the alleged infringer, in the later suit to make no difference in the application of that rule, saying:

"* * * We think, however, that the applicability of the rule of the Crosley case does not depend on whether or not in the subsequent infringement suit a reselling customer is joined as an additional defendant pursuant to the broad authority for the joinder of parties and causes of action conferred by Civil Procedure Rules 18 and 20, 28 U.S.C.A. * * *. For it has long been settled that the cause of action of a patent owner against an infringing manufacturer is wholly separate and distinct from his cause of action against one who resells the infringing product. * * *

"Civil Procedure Rule 21 permits any claim against a party to be severed and proceeded with separately. Consequently even though National is enjoined from proceeding against Triangle it is fully empowered to sever its separate cause of action against Sears, Roebuck & Company and to proceed with the prosecution of that cause of action alone. * * * Regardless of the presence of the cause of action against Sears, Roebuck & Company in the infringement suit in the Eastern District of Michigan it was the duty of the court below to enjoin National from proceeding with the cause of action stated in that suit

against Triangle until after the present declaratory judgment action has been decided. * * *"

Turning now to the present case we find that the first action was the Chicago suit brought by C-O-Two solely against Acme, Kerotest's customer, for patent infringement. The second action was the present declaratory judgment suit filed by Kerotest against C-O-Two, seeking declaratory relief with respect to the same patents. Kerotest was subsequently made a party defendant to the Chicago suit, over its objections, after the filing of the Delaware action. It may be assumed that as to Kerotest the issues in the two actions are identical.

It seems clear upon the basis of the principles established by the cases which have been summarized above that if Kerotest had never been made a party to the Chicago action, both suits could have proceeded independently to a conclusion, since they would clearly not have involved the same parties and the same issues and it would therefore not have been a proper exercise of discretion for either court to stay the action before it or to enjoin the prosecution of the other.[2] This seems to be the exact holding of Zenith Radio Corporation v. Dictograph Products Co., D.C.Del. 1946, 66 F.Supp. 473, and in entire conformity with the Triangle case, supra.

C-O-Two, either by design or otherwise, did not make Kerotest a party to the Chicago action until after the issues solely between these two parties had been submitted by declaratory judgment action to this Court. I know of no principle by which the choice of forum is solely vested in C-O-Two so that its subsequent action in making Kerotest a party to the Chicago action would divest the prior jurisdiction in this Court invoked at the instance of Kerotest.

■■ Furthermore it seems to be well established that the action of making Kerotest a party defendant to the Chicago suit, whether or not that may be correctly called an amendment, does not relate back in time

2. It is assumed that there is no question of control by Kerotest of the defense in the Chicago suit.

to the institution of the Chicago suit. It has been often held that an "amendment" bringing in new parties as contrasted with one correcting a misnomer of a party already before the court does not relate back in time to the filing of the original suit but is akin to the institution of a new action against the new parties.[3] Indeed the order of the Chicago Court, itself, by which Kerotest was made a party to that suit expressly makes such joining as a party effective as of March 24, 1950, which is after the institution of this suit.

Where two parties, such as Kerotest and C-O-Two, are before a court and the issues solely between them have priority of filing in that court, a subsequent attempt of either party to intervene in another and earlier action between different parties in another jurisdiction has been expressly refused. Such was the holding of Cresta Blanca Wine Co. v. Eastern Wine Co., 2 Cir., 143 F.2d 1012, and Speed Products Co. v. Tinnerman Products, 83 U.S.App.D.C. 243, 171 F.2d 727.[4]

In the cited cases the attempts of a party against whom a suit has priority in another jurisdiction to appear in an earlier proceeding had been by way of intervention. Where these efforts were unsuccessful it would seem a fortiori that the same principle must apply when the attempt is made not by intervention but by bringing in new parties by way of amendment.

■ According to generally accepted principles, therefore, it seems necessary to regard the Chicago action against Kerotest as a separate suit instituted after the filing of the Delaware action. It appears, therefore, to follow that it would be an abuse of discretion for this court not to enjoin the Chicago action against Kerotest, although the suit against Acme could not be enjoined by this court. The result then would be that both suits, as originally instituted, may proceed to a conclusion.

■ The question nevertheless arises as to whether this is one of those exceptional cases in which the taking of jurisdiction should be declined in favor of the later suit on the ground that the questions in controversy between the parties can be better settled and the relief sought be more expeditiously and effectively afforded in the Chicago action. The parties with which we are solely concerned are Kerotest and C-O-Two. Nothing is apparent to indicate that the Chicago action will settle the controversy between these parties better or more effectively. A date for the trial of the Chicago action is said to have been set for September, 1950, and this may give some apparent basis for the contention that the litigation there will be concluded more expeditiously. Whether the matter can be heard at that time must be problematical. There is nothing to indicate that with the full cooperation of the defendant, who allegedly is seeking an early trial, the trial in this jurisdiction may not be had expeditiously and some slight delay would seem too slim a basis for departure from recognized principles.

The authorities require a granting of the motion of Kerotest and a denial of the motion of C-O-Two; an appropriate order may be submitted.

---

3. Godfrey v. Eastern Gas and Fuel Associates, D.C.Mass., 71 F.Supp. 175; Williams v. Pennsylvania Railroad Co., D.C.Del., 91 F.Supp. 652, and see Davis v. L. L. Cohen & Co., 268 U.S. 638, 45 S.Ct. 633, 69 L.Ed. 1129.

4. See also Camfield Mfg. Co. v. McGraw Electric Co., D.C., 70 F.Supp. 477, but possibly contra Cabot Inc. v. Binney & Smith Co., D.C., 46 F.Supp. 346.