## YOCUM v. PHILADELPHIA ARENA, Inc., et al.

### Civ. A. No. 11827.

United States District Court
E. D. Pennsylvania.

March 20, 1951.

Emanuel G. Weiss, Philadelphia, Pa., Robert J. Schwartz, Alfange & Friedman, New York City, for plaintiff.

Harold E. Kohn, Philadelphia, Pa., for defendant, Philadelphia Arena, Inc.

George A. Smith, Philadelphia, Pa., for defendants Roy Shipstad, Edward Shipstad and Oscar Johnson.

McGRANERY, District Judge.

### Findings of Fact.

1. On January 9, 1951, the plaintiff filed the above-entitled action in this court for the infringement of patent No. 2,457,619. On January 30, the defendants Roy Shipstad, Edward Shipstad and Oscar Johnson, proprietors of the "Ice Follies", filed an answer denying infringement and counterclaiming for a declaratory judgment that the patent is invalid and not infringed.

2. In October of 1949, the present plaintiff had filed in the United States District Court for the Northern District of Illinois, Eastern Division, Civil Action No. 49C 1669, against the present defendants Roy Shipstad, Edward Shipstad and Oscar Johnson, and also against the Chicago Arena Corp., for the infringement of patent No. 2,457,619.

3. A motion to dismiss the action in the Illinois court has been heard and is pending.

4. The actions in this court and in the Illinois court involve the same patent and subject matter and the same issues, and are between the same parties, except for the arena defendants, which are different in each court.

5. On January 22, 1951, the defendants Roy Shipstad, Edward Shipstad and Oscar Johnson moved this court to grant a temporary injunction restraining the plaintiff from bringing any further action during the pendency of the above-entitled action, for infringement of patent No. 2,457,619, against the moving defendants; and they also moved this court to restrain the plaintiff from bringing similar actions against the owners, lessors, lessees, managers, and/or directors of any arena, hall, skating rink, etc., on the ground that infringement of patent No. 2,457,619 resulted from the presentation in such arena, etc., of an ice show by the moving defendants.

6. On March 19, 1951, the defendants Roy Shipstad, Edward Shipstad and Oscar Johnson moved to amend their motion of January 22, 1951, to include a motion for a temporary injunction restraining the plaintiff from prosecuting another action for the infringement of patent No. 2,457,619, against the moving defendants and the Boston Garden and Arena Corporation, brought on or about February 23, 1951, in the United States District Court for the District of Massachusetts.

### Discussion.

■ A United States district court which first obtains jurisdiction of the parties and issues in a patent suit ordinarily has the power to enjoin the further prosecution of proceedings involving the same parties and issues begun thereafter in another United States district court. Crosley Corp. v. Hazeltine Corp., 3 Cir., 122 F.2d 925; Triangle Conduit & Cable Co. v. National Electric Products Corp., 3 Cir., 125 F.2d 1008; Crosley Corp. v. Westinghouse Electric and Manufacturing Co., 3 Cir., 130 F.2d 474; Cresta Blanca Wine Co. v. Eastern Wine Corp., 2 Cir., 143 F.2d 1012. Cf. Kerotest Mfg. Co. v. C–O–Two Fire Equipment Co., 3 Cir., 189 F.2d 31. The District Court for the Northern District of Illinois first obtained jurisdiction of the issues here involved, and of the present plaintiff and the present defendant ice-show operators. It would seem desirable, therefore, for all the reasons so aptly stated in the Hazeltine case, supra, that the Illinois court proceed to a decision on the controversy between the parties, if it has the necessary jurisdiction. Hence, that court is the proper one to be asked to exercise discretion to protect its jurisdiction. The evils to be prevented by the granting of injunctive relief cannot be adequately forestalled by the grant of an injunction by the second court to acquire jurisdiction of the issues and the parties. Only if an injunction issues from the Illinois court can there be any assurance against duplicate litigation. See Kerotest Mfg. Co. v. C–O–Two Fire Equipment Co., supra. However, should the suit in the Illinois court be dismissed on the motion now pending, the situation would be altered so that this court would be in a proper position to exercise its discretion to grant the relief asked.

■ But in any event, no injunction could issue preventing suits against the owners, lessors, managers, etc., of various arenas. Future suits against such defendants in other districts, while they would undoubtedly involve the same patent and issues, would, of course, not involve the same parties as does the present suit; and it would obviously be unfair to preclude plaintiff from protecting his position against them within the limitation period. Therefore, even though the plaintiff were enjoined from further proceedings against the three ice-show proprietors, he could nevertheless proceed against any other arena defendant with a severable cause of action under Rule 21, Fed.Rules Civ.Proc. 28 U.S.C.A. Triangle Conduit and Cable Co. v. National Electric Products Corp., supra; Cresta Blanca Wine Co. v. Eastern Wine Corp., supra.

Accordingly, the injunctive relief requested will be denied, without prejudice.