**MESSELT et al. v. SECURITY STORAGE CO. et al.**

Civ. A. No. 1170.

United States District Court
D. Delaware.
July 27, 1953.

508

William Marvel (Marvel & Morford), of Wilmington, Del., for plaintiffs.

William Prickett, of Wilmington, Del., for defendants.

RODNEY, District Judge.

The difficulties of this case are presented by a motion to dismiss the third cause of action, as amended. Some facts of the case are set out in a former opinion,[1] but an understanding of the present questions can only be had by a repetition of some factual background.

The plaintiffs, in April, 1945, intending to move to Nevada employed the defendant, Security Storage, to remove their household goods to Security Storage quarters and, upon notification, to ship the goods to their new home at Minden, Nevada. Pursuant to this instruction the employees of one of the defendants, Security Storage or Allied Van Lines, inspected the goods at the home of the plaintiffs. The plaintiffs executed at that time a "Uniform Household Goods Order for Service" prepared by one of the defendants. This form gave the approximate weights of the goods and the estimated cost of all services, including transportation charges. The form indicated that transportation charges would be determined upon the indicated value of the property with a minimum base rate of 30¢ per pound per article. It appears that it is understood that the carrier's liability is limited to the valuation upon which the transportation charges are based, and that if the shipper desires coverage for a greater value he may increase the indicated value to not exceeding $1.50 per pound or may cover the increased value by independent insurance. The Security Storage Co., one of the defendants, at the request of the shipper and without profit or benefit to Security, arranges a coverage of all-risks transit insurance. The Uniform Household Goods Order for Service as executed

1. D.C., 11 F.R.D. 342.

by the plaintiffs, shipper, adopted the basic declared value of 30¢ per pound per article and expressly requested all-risks transit insurance in the sum of $40,000 at 25¢ per $100 for which an estimated charge of $100 was indicated.

Preserving some semblance of chronological order, there next appears a paper called "Advice of Insurance" under date of May 1, 1945. This paper is signed by Security Storage Co. as agent for Allied Van Lines, Inc. and purports to certify that, as ordered by Carl Messelt, all-risks insurance has been effected under an open policy issued by Fireman's Fund Insurance Company to Allied Van Lines, Inc. and known as Policy T–9500. The paper was allegedly delivered to the plaintiffs on or near its date and is such an important and key document that its value and effect must later receive more detailed and extensive consideration.

The household goods hereinbefore mentioned were left in storage with Security Storage Co. until October, 1945, when they were ordered shipped to the plaintiffs at Gardnerville, Nevada. There was thereupon issued a Uniform Household Goods Bill of Lading and other instruments and the goods were shipped by Allied Van Lines, Inc. and other means of transportation. When the goods arrived at their destination it was alleged that many were damaged and some were missing. Notice of this condition was soon given by the plaintiffs and some effort was made toward an adjustment but without effect.

On or about October 11, 1948, an action was commenced in the Superior Court of the State of Delaware in and for New Castle County by the plaintiffs as residents of the State of Nevada and against Security Storage Co. and Allied Van Lines, Inc., both corporations of the State of Delaware. Damages were sought in a jurisdictional amount for goods damaged and for goods lost. In November, 1948, the case was removed to this court under 28 U.S.C. § 1441.

Numerous proceedings were had and motions filed looking toward the production of certain documents, and on May 11, 1950, the plaintiffs moved for the production by Security Storage Co. of the all-risks transit insurance policy mentioned in the Uniform Household Goods Order for Service. On October 17, 1950, one S. K. Chestnut, an employee of Security, filed an affidavit that Security Storage Co. had never had the policy. The affidavit stated that on or about May 1, 1945, he had, at the request of the plaintiffs, prepared an instrument called Advice of Insurance, hereinbefore mentioned and hereinafter discussed in more detail, and that it was their custom in all cases to deliver such paper to the insured and a copy of the Advice of Insurance was appended to the affidavit. This Advice of Insurance certified that, as ordered by Messelt, insurance had been effected by Allied Lines with Fireman's Fund Insurance Co. in the amount of $40,-000, under open Policy T–9500 and covering the shipment from Wilmington, Del., to Minden, Nevada, about May 1, 1945, and that loss under the policy would be payable to Carl Messelt on surrender of the Advice of Insurance. The Advice of Insurance contained a clause as set out in the footnote.[2] The Advice of Insurance also contained statements about the open policy of insurance, T–9500, existing between Allied Van Lines, Inc. and Fireman's Fund Insurance Co. including the notation as set out in the footnote.[3]

On February 3, 1951, the plaintiffs filed a motion to amend the complaint by adding a new third cause of action based on information disclosed in the Advice of Insur-

---

2. "Upon request and against surrrender of this Advice of Insurance, duly endorsed by the insured at the office of Allied Van Lines, Inc., 1018 S. Wabash Avenue, Chicago, Illinois, or Fireman's Fund Insurance Company, 175 W. Jackson Boulevard, Chicago, Illinois, a policy of insurance will be handed over in exchange, free from any liability for unpaid premiums."

3. "No suit or action on this policy for the recovery of any claim shall be sustainable in any court of law or equity unless commenced within twelve months next after the happening of the loss."

ance and, in connection with the third cause of action, by adding an additional defendant, the Fireman's Fund Insurance Company, a corporation of the State of California. This motion was opposed by the two original defendants, but was subsequently granted.

On May 14, 1951, the Fireman's Fund Insurance Co. filed a motion to dismiss the third cause of action for reasons which, being repeated at a subsequent stage, are hereinafter considered.

On October 25, 1951, and before any responsive pleading had been filed as to the third cause of action, the plaintiffs filed an amendment to the third cause of action. This amendment is set out in a footnote.[4]

On November 5, 1951, the Fireman's Fund Insurance Company filed "consolidated motions to strike amendment to third cause of action and for more definite statement." These motions were directed both to the third cause of action, filed February 3, 1951, and the amendment to the third cause of action, filed October 25, 1951. The motions renewed the grounds alleged in the motion to dismiss the third cause of action filed May 14, 1951, as well as presented additional grounds. The motions present the following grounds:

### I. As to the third cause of action, as amended:

1. That the third cause of action fails to state a claim upon which relief can be granted.

2. That the third cause of action should be dismissed because the court has no jurisdiction over the subject matter. It is alleged and contended that the plaintiffs, while residents of Nevada when the original suit was commenced, subsequently moved to California and were residents of California when the third cause of action was filed. The defendant added in the third cause of action, Fireman's Fund Insurance Company, is a resident of California.

3. That the third cause of action should be dismissed because it is based upon the Advice of Insurance, A–53746. It is alleged and contended that the Advice of Insurance expressly provided that no suit could be brought thereon unless commenced within twelve months after the happening of the loss. It is alleged and contended that the loss occurred in 1945 and the third cause of action was filed February 3, 1951.

4. That the third cause of action should be dismissed because it appears upon its face that it is barred by the applicable statutory period of limitations of three years, being Delaware Revised Code 1935, § 5129, as amended.[5]

5. It is objected that the third cause of action is asserted as a joint claim of two plaintiffs, whereas the contract of insurance purportedly sued upon was between the defendant and Carl I. Messelt, one of the plaintiffs.

### II. As to the motion to strike the amendment of the third cause of action:

1. It is objected that the amendment to the third cause of action was filed contrary to the provisions of Rule 15(a) of the Rules of Civil Procedure, 28 U.S.C.

2. It is objected that the amendment to the third cause of action does not state the nature and form of the express undertaking

---

4. "Plaintiffs further allege that a copy of the Advice of Insurance No. A–53736 issued by Security Storage Company as agent for Allied Van Lines, Inc., is attached to affidavit of S. H. Chestnut, dated October 10, 1950, and of record in this cause. That a provision in said Advice of Insurance taken from Fireman's Fund Insurance Company policy No. T–9500 issued in the name of Allied Van Lines, Inc., purporting to fix a 12-month period after loss for the filing of suit on said policy No. T–9500 was waived by Fireman's Fund Insurance Company by an express undertaking to adjust plaintiffs' claim, and further, that said Fireman's Fund Insurance Company is estopped to rely on the aforesaid provisions of policy No. T–9500 by reason of statements and conduct on its part inspiring a belief and expectation on the part of the plaintiffs that their claim would be settled."

5. Delaware Code 1953, Title 10, Sec. 8106.

to adjust the plaintiffs' claim or the ultimate facts whereby the defendant was estopped to rely upon the provisions of the insurance contract; that the amendment does not state the nature of the statements and conduct allegedly constituting a waiver by the defendant of the provisions of the contract of insurance or the ultimate facts constituting the basis of reliance by the plaintiffs by reason of the statements or conduct of the defendant and by reason thereof the amendment should be stricken.

3. It is contended by the defendant that the facts of the case as detailed by the motion clearly indicate that there was and could have been no reliance by the plaintiffs upon any conduct of the defendant that could constitute a waiver by the defendant of the contractual period of limitations contained in the contract of insurance sued upon.

4. It is contended that the amendment to the third cause of action fails to state any reason or basis for a waiver by the defendant of the contractual period of limitations in the contract of insurance.

The defendant, in case the motion to dismiss the third cause of action is not granted or the motion to strike the amendment to the third cause of action is not allowed, alternatively and cumulatively moves for an order requiring the plaintiffs to file a more definite statement. The defendant, in effect, insists upon a setting out of the precise nature of the statements, acts and conduct of the defendant purporting to be a waiver of the contractual period of limitations in the insurance contract and of the statements or conduct of the defendant relied upon by the plaintiffs in the amendment to the third cause of action.

The reasons assigned for the dismissal of the third cause of action or the striking of the amendment to the third cause of action are so elaborate and extensive that no compensatory advantage is apparent in the detailed consideration of the grounds in the order assigned by counsel. I shall, therefore, arbitrarily adopt an order of consideration which in my opinion is dispositive of the present difficulties, making the consideration of other questions unnecessary if not improper.

Fireman's Fund Insurance Company has moved for the dismissal of this third cause of action and one of the reasons assigned is that a claim based on this third cause of action is barred by the applicable statute of limitations of three years.[6] This will be first considered.

It is obvious from the pleadings that the making of the Fireman's Fund Insurance Co. a party to the suit on February 3, 1951, occurred over five years after the loss in October, 1945. That a motion to dismiss may be granted when the time alleged in the complaint shows that the action was not commenced within the statutory period is amply sustained by the authorities.[7]

It is contended by the plaintiffs that the amendment to the complaint based upon the third cause of action relates back to the filing of the original complaint and is thus not subject to the statutory bar of limitations.

The question presented, then, is the effect of the amendment. The amendment, it will be noted, attempts to do two separate and distinct things which are subject to different principles of law and rules of procedure. The amendment (1) brings into

6. This is the Delaware Statute formerly identified as Delaware Code 1935, § 5129, as amended, now Delaware Code 1953, Title 10, Sec. 8106. I am considering now solely the statutory period of limitations. I am not considering any limitation of one year appearing in the Advice of Insurance. As to the latter limitation, it is claimed in the amendment to the third cause of action that such limitation was waived by the defendant and that it is estopped to rely upon the one-year limitation. There is no claim of estoppel or waiver as to the statutory limitation of three years.

7. Park-In Theatres v. Paramount-Richards Theatres, D.C., 90 F.Supp. 727, 728, affirmed 185 F.2d 407, certiorari denied 341 U.S. 950, 71 S.Ct. 1017, 95 L.Ed. 1373.

the case that which is called a "third cause of action"; and (2) brings in a new party to the cause.

■■■ 1. The plaintiffs contend that, while that which is sought to be added by the amendment is called a "third cause of action," yet it is in reality not a new cause of action but a claim which arose out of the transaction or occurrence set forth in the original pleading and thus, under Rule 15(c), relates back to the date of the original pleading, viz., October, 1948. That Rule 15(c) is to be given a liberal construction, even refusing recognition to the plaintiffs' designation as an additional "cause of action," seems apparent from many authorities. The cases cited by the plaintiffs, however, seem all to refer to amendments relating back when the matter concerns only the original parties. When an amendment concerns the original parties and does not introduce a claim having an origin different from the original complaint, then the amendment may relate back to the date of the original pleading. When, however, even as affecting the original parties, a new and distinct claim or cause of action is presented after the running of the statute of limitations, then the filing of the new claim will not relate back to the filing of the original complaint.[8] It will be noted that in the amendment (the third cause of action) no claim, additional or otherwise, is made against the original parties defendant and no remedy, additional or otherwise,

is sought against them. The only claim in the amendment is made against the additional defendant named in the amendment and the only damages sought in the amendment are sought against the new party defendant. It is difficult to see any application of Rule 15(c).

■■ 2. The amendment seeks to bring in a new party to the action after the passage of the statutory period of limitations and seeks substantial damages from such new party. Rule 21 provides for the addition of such parties as may be required. It has often been held that an "amendment" bringing in new parties, as contrasted with one correcting a misnomer of a party already before the court, does not relate back in time to the filing of the original complaint but is akin to the institution of a new action against the new parties.[9]

■■ It will be noted that the amendment does not attempt to correct any misnomer of a party already before the court but brings into the case and seeks relief from a party who has not theretofore been named in the case at all, and against whom no relief had been sought, and this after the statutory period of limitations has passed. I am of the opinion that the amendment to the complaint setting out the new third cause of action cannot relate back to the filing of the original complaint.[10]

The plaintiffs, however, contend that they authorized all-risks transit insurance

8. Commissioner of Internal Revenue v. Rieck, 3 Cir., 104 F.2d 294; Hartmann v. Time, D.C.Pa., 64 F.Supp. 671, 680, reversed in part on other grounds, 3 Cir., 166 F.2d 127, 1 A.L.R.2d 370.

9. Kerotest Mfg. Co. v. C–O–Two Fire Equipment Co., D.C., 92 F.Supp. 943, reversed on other grounds, 3 Cir., 189 F.2d 31. In Kerotest v. C–O–Two Co., 342 U.S. 180, 185, 72 S.Ct. 219, 222, 96 L.Ed. 200, note 3, it is said the opinion in, 3 Cir., 189 F.2d 31 was, "In effect an exercise of discretion by the Court of Appeals below upon consideration of the specific circumstances * * *." That the reversal by the Circuit Court did not affect the ruling of the District Court on the relation back of the Illinois amendment is shown by the concluding paragraph of

the Circuit Court's opinion. There it was stated that if the Illinois suit was unreasonably delayed an application for modification would be entertained. The Illinois suit preceded and antedated the Delaware suit and if the Illinois amendment had related back to the filing of the Illinois suit, then the Delaware Court, by all of the authorities, would have been without jurisdiction. See also Godfrey v. Eastern Gas & Fuel Associates, D.C., 71 F.Supp. 175; Williams v. Pennsylvania R., D.C., 91 F.Supp. 652; Sechrist v. Palshook, D.C., 97 F.Supp. 505; Sanders v. Metzger, D.C., 66 F.Supp. 262.

10. An exhaustive collection of authorities on this point may be found in 8 A.L.R.2d 6, 112.

on the goods to be effected and that such insurance was so effected by the original defendants as agents for Fireman's Fund Insurance Company and at the time the name of the insurance company was unknown to the plaintiffs. The plaintiffs therefore contend that the amendment to the complaint is, in reality, a joining of an undisclosed principal in the original transaction.

One difficulty with this contention is that there can be no legal conclusion that there was an undisclosed principal in the transaction. The Advice of Insurance dated May 1, 1945, explicitly stated that insurance had been effected with Fireman's Fund Insurance Company under an open policy and that a separate policy would be issued to the plaintiffs on request. The issuance of the Advice of Insurance to one of the plaintiffs is expressly set out in the amendment to the complaint. It is true that on March 20, 1951, the Delaware counsel for the plaintiffs filed an affidavit that prior to October 11, 1950, he had no knowledge of any connection of Fireman's Fund Insurance Co. with the matter. In December, 1950, however, in answer to interrogatories, the plaintiffs both expressly declared, under oath, that they had received the Advice of Insurance from one of the original defendants and that it had been received by mail in May, 1945. I must conclude that from that time there was no undisclosed principal in the matter.

The plaintiffs claim also that the amendment introducing the third cause of action against the Fireman's Fund Insurance Company should be allowed because they say that such company knew from the beginning that a claim for loss to the furniture was being made and that, with such knowledge, it should not now be allowed to invoke the statute of limitations. There was a liability of the original defendants to the plaintiffs, though limited in amount. The larger liability was that of Fireman's Fund Insurance Company. It may well be that this company knew of the claim against the original defendants in every step of the proceedings and of the subsequent suit. It was not a party to that suit and had no standing therein. Waiving consideration of moral or ethical standards, I know of no legal principle compelling the company to insist on being joined as a party defendant before the statute of limitations had barred its legal liability.

This is not such a case as those cited by the plaintiffs.[11]

It therefore appears that after the statutory period of limitations has passed a new party is sought to be added and a new claim advanced against such party. The motion to dismiss the third cause of action must be granted.

The entire matter may be epitomized as follows. The plaintiffs in 1945 instructed Security Storage Co. to obtain all-risk insurance on their furniture about to be shipped. This insurance was effected and the plaintiffs notified of the fact. The notice stated the name of the company covering the insurance risk by an open policy and that the plaintiffs, if desired, could surrender the notice and obtain an independent and separate policy of insurance. The plaintiffs admit the receipt of the notice, but no attention was paid to any of its terms.

The insurance company was not made a party to the suit in 1948, three years after the loss, but was attempted to be added as a party in 1951, almost six years after the loss occurred. This they may not do.

It is obvious that I have not considered the other questions raised by the motions and particularly the controverted claim that the plaintiffs had, by a change of residence since the filing of the original complaint, become residents of the same state as the party sought to be added, thus affecting the jurisdiction of the court and the limitation of action of one year set out in the Advice of Insurance and policy and as to which there have been advanced claims of waiver and estoppel.

An appropriate order may be submitted.

11. White v. Holland Furnace Co., D.C., 31 F.Supp. 32; U. S. v. Powell, 4 Cir., 93 F.2d 788; Mullaney v. Anderson, 342 U. S. 415, 72 S.Ct. 428, 96 L.Ed. 458.